## PHILIPPINES CO. v. KIMBALL et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

PLEADING—IRRELEVANT MATTER.
In an action for damages resulting from conspiracy in combining to destroy complainants' business as exporters, allegations of specific acts whereby defendants had defrauded the government and acts done before complainant's incorporation were properly stricken out, as they do not establish fraud as against complainant.

Appeal from special term, Kings county.

Action by the Philippines Company against Amos S. Kimball and others. From orders striking out certain allegations of the complaint as irrelevant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Benjamin Scharps, for appellant.

Jesse Stearns, for respondent Kimball.

Wheeler H. Peckham, for respondents Ogilvie and O'Brien.

GOODRICH, P. J. The plaintiff sues the defendants for conspiracy in combining to destroy its business of exporting, commission, and forwarding between the United States and the Philippine Islands. The complaint alleged that the plaintiff had made proposals to the government to ship some of its supplies to the islands; that the defendant Kimball is assistant quartermaster general and depot quartermaster at the city of New York, having charge of the purchase, shipment, and forwarding of supplies for the United States army to Cuba and the Philippine Islands; that he and the other defendants "entered into a conspiracy, acting in concert with each other, to unlawfully hinder, deprive, and prevent the plaintiff from transporting any and all freight from New York to Manilla and the Philippine Islands, and to ruin and destroy its business and commercial standing, trade, and credit, and to hinder and prevent the plaintiff in the exercise of its lawful trade and calling, and to drive the plaintiff out of the business of transporting government freight, and to injure and effect the destruction and loss of the plaintiff's custom, business, trade, and profits, for the purpose of obtaining such custom, business, trade, and profits for themselves, and for the corrupt and collusive purpose, also, of obtaining and dividing among themselves illegal profits to be obtained from the government of the United States by means of corrupt, collusive, and unlawful acts and agreements on the part of said defendants, and each of them, and to which profits they were not, and would not be, lawfully entitled; and this plaintiff further alleges, upon information and belief, that what was said and done by them, or either of them, as hereinafter related, was in furtherance of said conspiracy and objects, and to accomplish said purposes." There were allegations of specific acts of the defendants whereby they had defrauded the government in the price paid for the transportation of supplies, and which, the plaintiff alleged, injured and destroyed its business. The defendants moved to strike out the latter allegation as irrelevant, redundant, and scandalous. The court granted the motion, and the plaintiff appeals.

It is not necessary to set out in detail the portions of the complaint thus stricken out, as they are palpably irrelevant. Some of them refer to acts done before the incorporation of the plaintiff, and others alleged fraud upon the government. Others set out specific acts of that character. Such allegations have no proper place in the complaint. They do not establish fraud upon the plaintiff's rights. Evidence that the defendant Kimball has defrauded the government would not assist the plaintiff to a recovery. The gravamen of the plaintiff's cause of action is the damage to the plaintiff as the result of a conspiracy of the defendants against it. I cannot discover any connection between the allegations which have

been stricken out and the alleged damage to the plaintiff. The court ordered the service of an amended complaint in accordance with the order. This was purely a matter of discretion, which we think was fairly exercised.

The order should be affirmed, with costs. All concur.